IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHEN GERI, | § | |
| *Plaintiff*, | § § § | 5-19-CV-00377-FB-RBF |
| vs. | § § | |
| STARBUCKS CORPORATION, | § § | |
| *Defendant*. | § § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion for Summary Judgment and Motion to Strike Plaintiff's Summary Judgment Evidence filed by Defendant Starbucks Corporation. S*ee* Dkt. Nos. 18 & 25. All pretrial matters in this removed diversity action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 23. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, Starbucks' Motion for Summary Judgment, Dkt. No. 18, should be **GRANTED IN PART AND DENIED IN PART** and Starbucks' Motion to Strike Plaintiff's Summary Judgment Evidence, Dkt. No. 25, should be **DENIED WITHOUT PREJUDICE**.

### Factual and Procedural Background

This action involves an alleged slip and fall that occurred on July 10, 2017, at Starbucks' Lockhill-Selma and West Avenue location in San Antonio, Texas. According to Plaintiff Stephen Geri's live pleadings, "[w]hile traversing the premises from the main entrance to the counter,

[he] slipped, stumbled and fell" on an unspecified substance that was "virtually invisible to [t]he eye of a person exercising reasonable care." Compl. at 3-4 (Dkt. No. 1-2). As a result of the fall, Geri claims he suffered serious bodily injuries. *See id.*

Geri sued Starbucks in state court on March 7, 2019. Starbucks soon after removed the case to federal court. *See* Dkt. No. 1. Geri asserts claims for premises liability, negligence, and violation of § 17.50 of the Texas Deceptive Trade Practices Act (DTPA). *See* Compl. Starbucks now moves for summary judgment on all causes of action.

**Analysis**

*Starbucks Is Entitled to Summary Judgment on Geri's Negligence and DTPA Claims.* Under Texas law, "[a] person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). These types of claims—premises liability and negligence—"are based on independent theories of recovery, [and] . . . they are not interchangeable." *Id.* "Underpinning the distinctions between these claims is the principle that negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Id.* (quotations omitted).

Here, Geri's Complaint concerns an alleged defect on Starbucks' premises that allegedly caused Geri to fall. The theory of the case is that Starbucks knew or should've known about a slippery substance on the floor and yet failed to take reasonable measures to make the store safe. The Complaint doesn't allege Starbucks took any kind of affirmative action that caused Geri's injuries. Geri cannot maintain a negligence claim here; he has instead alleged a slip-and-fall premises-liability claim.

Moreover, a slip-and-fall plaintiff like Geri doesn't have standing to assert a DTPA claim in these circumstances. To have standing under the DTPA, the plaintiff must be a "consumer," as that term is defined by the DTPA. A "[c]onsumer," according to the DTPA, is "an individual . . . who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code § 17.4. A customer who goes into a Starbucks to buy a Starbucks product and slips on the floor is not a "consumer" for purposes of bringing a DTPA claim based on the slip and fall because his injuries aren't sufficiently related to the goods or services he was purchasing—*i.e.*, the coffee or other product he intended to buy. *See Rojas v. Wal-Mart Stores, Inc.*, 857 F. Supp. 533, 536 (N.D. Tex. 1994) (noting that simple slip-and-fall cases can't be brought under the umbrella of the DTPA); *see also Henry v. Cullum Cos*., Inc., 891 S.W.2d 789, 795 (Tex. App.—Amarillo 1995, writ denied) (use of store's floors isn't within the DTPA's definition of "services").

Starbucks is entitled to summary judgment on Geri's negligence and DTPA claims because there is no genuine fact issue as to either of them, and Starbucks has shown Geri cannot recover on either claim as a matter of law. Fed. R. Civ. P. 56. Accordingly, these claims should be dismissed. *See United Scaffolding*, 537 S.W.3d at 427 ("We have recognized that slip/trip-and-fall cases have consistently been treated as premises defect causes of action.") (quotations omitted).

*The Premises-Liability Claim Survives Summary Judgment.* Geri's premises-liability claim, however, should survive summary judgment. To prevail on a premises-liability claim a plaintiff must show: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the

owner or occupier's failure to use such care proximately caused the plaintiff's injury. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). Starbucks' motion for summary judgment focuses on the knowledge element.

Pointing to a declaration from Starbucks Manager Barry Gilliland[1] and security video of the incident,[2] Starbucks maintains the evidence conclusively demonstrates that Starbucks didn't have actual or constructive knowledge of a dangerous condition on the floor. According to Starbucks' summary judgment evidence, there weren't any spills in the area of the store where the incident occurred and the area hadn't been mopped in the approximately 45 minutes preceding the incident. *See* Mot. at 4 (citing Gilliland Decl. & security video). Moreover, according to Gilliland, he never observed any coffee spills or other substances on the floor, and no customers reported a spill or anything of that nature that would've created a safety concern. *See* Gilliland Decl. ¶ 4. Although Starbucks' evidence supports its position, it does not conclusively prove it, and Geri points to competent summary judgment evidence reflecting a genuine issue of material fact on the issue of Starbucks' actual knowledge of the alleged slippery condition.

Geri attaches to his Response declarations from himself and Stefanie Garcia—an individual who accompanied Geri to Starbucks on the date in question—in which they both declare under penalty of perjury that after Geri's fall, the store manager apologized for the wet floor and stated that he knew the floor was wet but had forgotten to put warning cones out. *See* Geri Decl. (Dkt. No. 22-1) ¶ 5; Garcia Decl. (Dkt. No. 22-2). According to Geri, this apology occurred while Geri was prone on the floor, and the manager, after apologizing, gave Geri a business card. *See* Geri Decl. ¶ 5.

---

[1] *See* Ex. A to Mot.

[2] *See* Ex. A-1 to Mot.

Starbucks urges the Court to ignore these declarations on the grounds that they are self-serving inadmissible hearsay. Def. Repl. at 2 (Dkt. No. 24); *see also* Mot. to Strike (Dkt. No. 25). While the statements are self-serving, they bear the hallmarks of an admission by a party opponent. *See* Fed. R. Evid. 801(d)(2)(D); *see also Booty v. Shoney's*, Inc., 872 F. Supp. 1524, 1529 & n. 7 (E.D. La. 1995) (plaintiffs' affidavit not hearsay, given it attested that after slip and fall they spoke with store manager who acknowledged he knew about slippery condition of the floor and had asked the restaurant to install carpet to remedy the situation). Ignoring the declarations is therefore not warranted for the reasons advanced by Starbucks.

Next, according to Starbucks, the security video—which has no sound—"blatantly contradict[s]" Garcia and Geri's testimony. *See* Repl. at 2-3. Specifically, Starbucks argues that the video doesn't show evidence suggesting the floor could've possibly been wet. *See id*. at 5-6. In the hour or so before Geri's fall, the video reveals that nobody mopped the floor, no customer spilled a beverage, no customer lodged a complaint or even interacted with Gilliland, and there wasn't a visible ceiling leak. *See id.* Moreover, just prior to the incident, Gilliland can be seen on the video moving a chair and retrieving a small piece of trash from the floor. *See id.* These actions, according to Starbucks, are "hardly" those of someone who would forget to place warning signs had he been notified of a wet substance on the floor. *See id.* In fact, Starbucks argues that the video clearly shows that Geri tripped over a customer's chair. Moreover, contrary to Geri's declaration, Starbucks argues that the video definitively shows that Gilliland didn't approach Geri while he lay on the floor. *See id.* at 3. None of these arguments is sufficient to warrant a grant of summary judgment to Starbucks on the premises-liability claim.

Having reviewed the security video, the Court doesn't agree that it contradicts Garcia and Geri's declarations such that no reasonable jury could believe Geri's version of events. *Cf. Scott*

*v. Harris*, 550 U.S. 372, 378 (2007). Although the video seriously calls into question whether the floor could've been wet at the time of the alleged incident, it's not *conclusive* on the issue. It also doesn't conclusively show whether (or not) Gilliland made any admission to Geri after the fall. It shows that after Geri got up from the floor, Gilliland approached Geri twice—once around 7:17 am and again about a minute later. Whether Gilliland conceded out loud to Geri after the fall that he knew that the floor was wet is an open question of fact. The video has no sound; it is literally silent. It doesn't sufficiently contradict Geri's testimony on this point. It also doesn't conclusively show that a chair, and not (or in addition to) a virtually invisible wet spot on the floor, caused Geri's fall. While Starbucks could use the video to question Geri's version of events at trial, the Court isn't at liberty to make credibility determinations, weigh evidence, or draw any inferences on summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Because a genuine issue of material fact exists regarding whether Starbucks had actual knowledge of a defect, summary judgment on Geri's premises-liability claim should be denied.

*The Remainder of Starbucks' Motion to Strike*. The remainder of Starbucks' Motion to Strike should be denied without prejudice. The motion takes issue with the following: (1) portions of Geri's declaration in which Geri claims Gilliland gave Geri a business card; (2) other portions of the declaration in which Geri asserts that he needed a hip replacement as a "direct proximate" result of the fall; (3) a reference in Geri's Response to an "informal medical report;" and (4) pictures Garcia allegedly took of Starbucks' floor after Geri's fall. The Court need not rule on the admissibility of this evidence because these issues don't inform the disposition of Starbucks' summary judgment motion.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that Starbucks' Motion for Summary Judgment, Dkt. No. 18, be **GRANTED IN PART AND DENIED IN PART**. Starbucks should be granted judgment as a matter of law on Geri's negligence and Deceptive Trade Practices Act (DTPA) claims, but the motion should be denied with respect to Geri's premises-liability claim. Starbucks' Motion to Strike Geri's Summary Judgment Evidence, Dkt. No. 25, should be **DENIED WITHOUT PREJUDICE**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*,

474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 9th day of July, 2020.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE